# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GARNIK SAROYAN, <br> Petitioner, <br><br> v. <br><br> IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., <br> Respondents. | 2:26-cv-01890-DSF-DTB <br><br> Order Accepting Findings, Conclusions, and Recommendations of United States Magistrate Judge (Dkt. 12) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition (Dkt. 1), the relevant records on file, the Report and Recommendation of United States Magistrate Judge David T. Bristow, Dkt. 12 (R&R), Federal Respondents' Objections to the R&R, Dkt. 14 (Objs.), and Petitioner's Response to Respondents' Objections, Dkt. 15 (Resp.).  The Court has engaged in a *de novo* review of those portions of the R&R to which Respondents have objected.  Although not required, the Court briefly discusses its reasons for accepting the R&R.  See United States v. Ramos, 65 F.4th 427, 434 (9th Cir. 2023) ("[T]he district court ha[s] no obligation to provide individualized analysis of each objection.").

## I. Background[1]

Petitioner is a native and citizen of Armenia who entered the United States in 2016 as a nonimmigrant.  R&R at 3.  In 2021, Petitioner pleaded guilty to one count of conspiracy to commit bank

---

[1] The R&R provides a more detailed factual background and procedural history.  R&R at 1-4.

fraud.  Id.  Following his conviction, Petitioner was placed into removal proceedings and detained.  Id.  An immigration judge subsequently released Petitioner on bond, but that decision was reversed by the Board of Immigration Appeals (BIA), which ordered Petitioner's mandatory detention.  Id.  Following the reversal, Petitioner filed the instant Petition for Writ of Habeas Corpus and Complaint under the Administrative Procedure Act.  Dkt. 1.

## II. Discussion

Respondents object to the R&R on three grounds: (1) the magistrate judge erred in asserting jurisdiction because Petitioner is not in detention and any future detention is unripe and moot, Objs. at 1-4; (2) the Court's jurisdiction is precluded by claim channeling under 8 U.S.C. § 1252(b)(9), Objs. at 1; and (3) the magistrate judge erred on the merits in finding that Petitioner is not subject to mandatory detention, id. at 4-8.

### A.    Jurisdiction

#### 1.    "In Custody" Requirement

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'"  Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam) (emphasis in original) (quoting 28 U.S.C. § 2241(c)(3)).  "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."  Hensley v. Municipal Court, 411 U.S. 345, 351 (1973).  Thus, the "in custody" requirement is not limited to actual physical imprisonment, and includes "other restraints on a man's liberty, restraints not shared by the public generally."  Jones v. Cunningham, 371 U.S. 236, 240 (1963).

The Court agrees with the magistrate judge that Petitioner has satisfied the "in custody" requirement.  Though Petitioner is not currently detained, the order granting him release on bond was vacated

by the BIA.  Dkt. 5 (Declaration of Stacy Tolchin), Ex. A (Feb. 18, 2026 BIA Decision) at 5.  The BIA held that Petitioner "is subject to mandatory detention" and "ordered" Petitioner "detained without bond."  Id.  Respondents do not need to procure a new warrant to effectuate Petitioner's arrest.  8 U.S.C. § 1226(b).  This is not the circumstance in which, as Respondents argue, "a challenged restraint has ceased to have any continuing effect," Objs. at 2, but the reinstatement of a restraint whose legal basis Petitioner is challenging.  That Respondents have not yet complied with the BIA decision does not make it a merely "speculative possibility that depends on a number of contingencies . . . ."  Hensley, 411 U.S. at 351-52.  The Court concludes that Petitioner is "in custody" because his "freedom of movement rests in the hands of [Respondents], who may demand his presence at any time and without a moment's notice."  Id. at 351.

### 2.     Ripeness and Mootness

Respondents raise issues of ripeness and mootness for the first time in their objections.  "For a case to be ripe, it must present issues that are 'definite and concrete, not hypothetical or abstract.'"  Bishop Paiute Tribe v. Inyo County, 863 F.3d 1144, 1153 (9th Cir. 2017) (quoting Thomas v. Anchorage Equal Rts. Comm'n, 220 F.3d 1134, 1139 (9th Cir. 2000).  Petitioner "must demonstrate 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'"  Id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).  Courts also evaluate "the prudential aspects of ripeness . . . guided by two overarching considerations: the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."  Id. at 1154 (quoting Thomas, 220 F.3d at 1141).

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'"  Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam)).  "The question is not whether the precise relief sought at the time the case was filed is

3

still available, but whether there can be any effective relief. . . .  The party asserting mootness bears the heavy burden of establishing that there remains no effective relief a court can provide." Gonzalez v. U.S. Immigr. & Customs Enf't, 975 F.3d 788, 806 (9th Cir. 2020) (quoting Bayer v. Neiman Marcus Grp., 861 F.3d 853, 862 (9th Cir. 2017)).

Respondents do not contest that Petitioner has a cognizable legal interest regarding the question of his detention but instead focus on whether the injury is "concrete, actual or imminent." Objs. at 2. Respondents argue, "Given Petitioner was released from immigration detention in 2022 and has not been re-detained, there is no longer a live case or controversy." Id. at 1. Respondents point to the fact that "the BIA decision subjecting Petitioner to mandatory detention was issued on February 18, 2026[,] and as of today, April 8, 2026, Petitioner remains non-detained." Id. at 3. According to Respondents, "[b]ecause Petitioner is not in detention, cannot show any continuing collateral consequence that this Court could redress via habeas, and relies only on speculative future harm, his habeas petition does not present an Article III case-or-controversy that this Court can redress." Id.

"When an individual is subject to [the threatened enforcement of a law], an actual arrest, prosecution, or other enforcement action is not a prerequisite to challenging the law." Susan B. Anthony List v. Driehaus, 573 U.S. 149, 158 (2014). Courts "have permitted pre-enforcement review under circumstances that render the threatened enforcement sufficiently imminent." Id. at 159. This case is analogous: the BIA decision itself orders Petitioner's mandatory detention under 8 U.S.C. § 1226(c)(1). Dkt. 5 (Declaration of Stacy Tolchin), Ex. A (BIA Decision) at 5; see 8 U.S.C. § 1226(c)(1) ("The Attorney General *shall* take into custody any alien . . . ." (emphasis added)). And Respondents have not "disavow[ed]" future efforts to detain Petitioner. Susan B. Anthony List, 573 U.S. at 165. The Court finds that threatened enforcement of the BIA order is actual and nonspeculative, making Petitioner's claim constitutionally ripe.

The Court also concludes that the prudential ripeness factors of "fitness" and "hardship" are satisfied here. First, Petitioner's challenge

4

to the BIA decision presents a "purely legal" issue, which "will not be clarified by further factual development." Susan B. Anthony List, 573 U.S. at 167 (quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 581 (1985)).  Second, denying judicial review imposes hardship on Petitioner because the BIA's outstanding detention order could be enforced against him at any time.

With respect to mootness, Respondents do not contest that the BIA decision Petitioner is challenging remains effective.  The Court therefore finds that Respondents have not met their heavy burden of establishing mootness, "because—absent action by this [C]ourt—the government could redetain [Petitioner] . . . at any time." Diouf v. Napolitano, 634 F.3d 1081, 1084 n.3 (9th Cir. 2011), abrogation on other grounds recognized by, Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022).[2]

### 3.    Judicial Review Under 8 U.S.C. § 1252(b)(9)

Respondents argue that § 1252(b)(9) deprives this Court of jurisdiction.  Objs. at 1 (citing Dkt. 10 (Answer)).  Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and

---

[2] The cases Respondents cite are distinguishable.  Objs. at 3-4.  None of the cases Respondents cite involve an outstanding order for mandatory detention. Instead, those cases involved pre-existing operative orders for the petitioners' release.  See J.P. v. Santacruz, No. 8:25-cv-01640-FWS-JC, 2025 WL 2998305, at *1 (C.D. Cal. Oct. 24, 2025) (petitioner was released on bond); Hernandez Trujillo v. Janecka, No. ED CV 25-3002 FMO (SSC), 2026 WL 84314, at *1 (C.D. Cal. Jan. 12, 2026) (petitioner had been released pursuant to temporary restraining order); Cabanillas v. Geo Grp., Inc., No. 5:25-cv-03484-ODW (PVCx), slip op. at 1-2 (C.D. Cal. Jan. 5, 2026) (minute order) (same); Lombana v. Bowen, No. 2:25-cv-10871-HDV-JC, slip op. at 1 (C.D. Cal. Dec. 3, 2025) (minute order) (petitioner had been released on bond); Hashemi v. Noem, No. 2:25-cv-10335-HDV-SR, slip op. at 1 (C.D. Cal. Jan. 7, 2026) (petitioner had been released pursuant to a preliminary injunction).

statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9).

Respondents' single-sentence objection does not explain the basis for the conclusion that the magistrate judge erred with respect to this issue.  Having reviewed Respondents' Answer detailing their § 1252(b)(9) arguments and the R&R, the Court agrees with the magistrate judge that the present petition concerns the denial of Petitioner's release on bond, not Petitioner's removal, and that § 1252(b)(9) is therefore not implicated.  R&R at 7; see also Jennings v. Rodriguez, 583 U.S. 281, 294-95 (2018) (finding § 1252(b)(9) did "not present a jurisdictional bar" to a habeas petition on bond hearings where petitioners were "not asking for review of an order of removal," "not challenging the decision to detain them in the first place or to seek removal," and "not even challenging any part of the process by which their removability will be determined").

## B.    Merits

Respondents assert that the magistrate judge erred in finding that the BIA's determination that Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c) was erroneous.  Objs. at 4-8.  8 U.S.C. § 1226(c)(1) requires mandatory detention for "any alien" who is "deportable by reason of having committed any offense covered in . . . [section 1227(a)(2)](A)(iii)[.]"  In turn, § 1227(a)(2)(A)(iii) provides: "Any alien who is convicted of an aggravated felony at any time after admission is deportable."  8 U.S.C. § 1227(a)(2)(A)(iii).  And "an

aggravated felony" is defined to include "an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000," 8 U.S.C. § 1101(a)(43)(M)(i), and "an attempt or conspiracy to commit an offense described in this paragraph, 8 U.S.C. § 1101(a)(43)(U).

Respondents make two arguments: (1) Petitioner's federal conviction for conspiracy to commit bank fraud is an aggravated felony offense under 8 U.S.C. § 1101(a)(43)(M), Objs. at 4-7; and (2) Petitioner's federal conviction for conspiracy to commit bank fraud is categorically an aggravated felony conspiracy offense under 8 U.S.C. § 1101(a)(43)(U).

The threshold question presented is whether Petitioner's conviction must first trigger the conspiracy sub-paragraph, 8 U.S.C. § 1101(a)(43)(U), before analyzing whether the substantive offense underlying the conspiracy triggers the other sub-paragraphs for aggravated felonies enumerated under 8 U.S.C. § 1101(a)(43), including sub-paragraph (M) for offenses involving fraud or deceit.

The Court finds the magistrate judge's reliance on Matter of S-I-K-, 24 I. & N. Dec. 324 (B.I.A. 2007) persuasive.  R&R at 12.  There the BIA explained that where a person is charged with removability under 8 U.S.C. § 1101(a)(43)(M) & (U),

> the DHS bears a three-fold burden in proving the aggravated felony charge.  At the outset, the DHS must demonstrate by clear and convincing evidence that the respondent was convicted of engaging in a "conspiracy" within the meaning of section 101(a)(43)(U) of the Act.  Having met that threshold burden, the DHS must then prove that at least one of the unlawful acts that was the object of the conspiracy was an offense involving "fraud or deceit" within the meaning of section 101(a)(43)(M)(i) of the Act.  Finally, the DHS must prove that the "fraud or deceit" offense that was the object of the conspiracy resulted in or contemplated a loss to his victims of more than $10,000.

S-I-K-, 24 I. & N. Dec. at 326; see also United States v. Garcia-Santana, 774 F.3d 528, 533, 543 (9th Cir. 2014), abrogation on other grounds recognized by, Alfred v. Garland, 64 F.4th 1025 (9th Cir. 2023) (finding defendant's conviction for "conspiracy to commit the crime of burglary" under Nevada law did not trigger § 1101(a)(43)(U) and was therefore not an aggravated felony, without analyzing § 1101(a)(43)(G), which relates to burglary offenses).

Having reviewed the R&R and the parties' briefing, the Court agrees with the magistrate judge that Petitioner's conspiracy conviction under 18 U.S.C. § 1349 did not trigger § 1101(a)(43)(U), and therefore also fails to trigger § 1101(a)(43)(M)(i).  R&R at 10-12; compare Garcia-Santana, 774 F.3d at 543 (holding "conspiracy" under 8 U.S.C. § 1101(a)(43)(U) "requires proof of an overt act") with United States v. Thompson, 990 F.3d 680, 683-84 (9th Cir. 2021) (explaining 18 U.S.C. § 1349 does not require proof of an overt act).[3]

### III. Conclusion

Respondents' Objections are OVERRULED.  The Court accepts the R&R and adopts it as its own findings and conclusions.  Judgment shall be entered: (a) vacating the February 18, 2026 BIA decision, and (b) ordering Petitioner's continued release from custody on the conditions previously ordered by the immigration judge on September 9, 2022.  Redetention is prohibited absent a determination by the

---

[3] Respondents assert that Garcia-Santana's "multi-jurisdictional analysis" has "been superseded by the Supreme Court's decision in Esquivel-Quintana v. Sessions, [581 U.S. 385] (2017)."  Objs. at 7-8 (citing Ho Sang Yim v. Barr, 972 F.3d 1069, 1078 n.2 (9th Cir. 2020)).  Consequently, Respondents argue that application of Garcia-Santana is inappropriate "[g]iven the flawed methodology employed."  Id. at 8.  But the Supreme Court in Esquivel-Quintana merely held that the multi-jurisdictional analysis, while potentially "useful," "is not required . . . ."  Esquivel-Quintana, 581 U.S. at 396 n.3.  The Supreme Court did not abrogate Garcia-Santana's holding that conspiracy under 8 U.S.C. § 1101(a)(43)(U) requires proof of an overt act.

immigration judge that Petitioner has violated the terms of his release or his removal order has become final.

      IT IS SO ORDERED.


Date: April 29, 2026

                                Dale S. Fischer
                                United States District Judge